IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 4:05CR3011 |
| Plaintiff, ) | |
| ) | REPORT, RECOMMENDATION |
| v. ) | AND ORDER |
| ) | |
| ROBERT POPEJOY, ) | |
| ) | |
| Defendant. ) | |

Defendant has filed a motion to dismiss, filing 20, alleging that the indictment against him violates his Fifth Amendment "protection against being held to answer for an offense 'unless on a presentment or indictment of a Grand Jury.'" The defendant alleges the indictment is facially invalid in that it fails to allege with any particularity the facts constituting the offense charged by the grand jury. The defendant argues that the indictment fails to name any known member or members of the charged conspiracy; the discovery materials provided to Popejoy by the government suggest evidence of several separate conspiracies, involving several different people, was presented to the grand jury and form the basis for the indictment; and these same discovery materials fail to reveal any evidence of Popejoy's involvement in a single conspiracy to distribute methamphetamine. He therefore claims "the indictment is unconstitutionally vague, violating the Fifth Amendment by failing to ensure he is put to trial only for the alleged criminal agreement found probable by the grand jury." Filing 23 (defendant's brief) at p. 2.

The indictment brought against the defendant charges as follows:

COUNT I

> Between on or about October 1999, and January 17, 2005, in the District of Nebraska, ROBERT POPEJOY, the defendant herein, did willfully and knowingly, conspire, confederate, and agree with other persons, to manufacture, distribute and possess with the intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and Section 841(b)(1).

An indictment is sufficient if it includes the elements of the offense, provides adequate notice as to the charge, and enables the defendant to plead double jeopardy as a bar to further prosecution. Hamling v. United States, 418 U.S. 87 (1974); United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002); United States v. Diaz-Diaz, 135 F.3d 572, 575-76 (8th Cir. 1998). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Hernandez, 299 F.3d at 992.

The indictment charges the defendant with willfully and knowingly conspiring with others to distribute and possess with intent to distribute 500 or more grams of methamphetamine. These allegations set forth the elements of a drug conspiracy charge.

> There are three essential elements to this drug conspiracy charge under 21 U.S.C. § 846: that two or more people agreed to . . . sell methamphetamine, that the defendants joined the agreement, and that they knew the purpose of the agreement at the time they joined. Proof of an overt act is not required.

United States v. Standefer, 948 F.2d 426, 430 n.3 (8th Cir. 1991)(citing United States v. Figueroa, 900 F.2d 1211, 1219- 1220 (8th Cir. 1990)(quoting Eighth Circuit Model Jury Instructions)). See also United States v. White, 241 F.3d 1015, 1022 (8th Cir. 2001).

    The defendant argues that he has received the government's Rule 16 discovery and even with this discovery, the defendant cannot determine what alleged conspiratorial conduct was relied on by the grand jury in deciding to indict the defendant, or what alleged conspiracy the government intends to prove at trial. Filing 23 (defendant's brief) at 8.  In support of this conclusion, the defendant notes that the government alleges one conspiracy spanning over six years, but has produced no evidence of controlled buys involving Popejoy or searches of his houses, papers or effects resulting in the seizure of distribution-sized quantities of drugs.  The defendant argues that the government's witnesses either refute any claim that Popejoy conspired to distribute methamphetamine, or support independent and isolated incidents of methamphetamine manufacture, use, or sales in amounts far less than 500 grams as alleged in the indictment.[1]

    Similar facts and substantially the same arguments were unsuccessfully advanced by the defendant in United States v. Cuervo, 354 F.3d 969, 983 (8th Cir. 2004), *rev'd for re-sentencing under Booker*, 125 S. Ct. 1049 (U. S. 2005).  In Cuervo, the defendant was charged with conspiring to distribute marijuana, methamphetamine, and cocaine.  The indictment's scope

---

[1] "At most, the material suggests the existence of one, maybe two, buyer/seller relationships involving Popejoy which, in the aggregate, may have resulted in Popejoy selling to someone else over 500 grams of methamphetamine in small amounts over the course of many months."  Filing 23 (defendant's brief) at 12.

3

was broad in that it alleged the crimes continued for over two decades, took place throughout the country, and involved both known and unknown conspirators.  Cuervo, 354 F.3d at 984.  The government filed a bill of particulars which served to clarify the indictment.

Cuervo denied the defendant's claim that the indictment was unconstitutionally vague as to the conspiracy and drug charges and held that the broad allegations of the indictment, combined with the bill of particulars which expounded on the allegations of the indictment, provided the defendant with sufficient specific information to assist in his defense.  Although a bill of particulars cannot save an otherwise invalid indictment by adding facts or elements necessary to state a charge, it can cure deficiencies in the form of the indictment by elaborating upon the overt acts included in the indictment. Cuervo  354 F.3d at 984 (citing United States v. Dolan, 120 F.3d 856, 866-67 (8th Cir. 1997)); United States v. Helmel, 769 F.2d 1306, 1322 (8th Cir. 1985).  Even if the language of an indictment fails to alert a defendant as to the precise nature of the government's allegations, a bill of particulars can serve to place the defendant on notice of the specific overt acts the government intends to prove in support of its conspiracy allegations. Dolan, 120 F.3d at 866-67.

The language of the grand jury indictment is sufficient for Popejoy "to prepare his defense and to plead double jeopardy to any future prosecution."  White, 241 F.3d at 1021 (8th Cir. 2001)(quoting United States v. Mallen, 843 F.2d 1096, 1103 (8th Cir. 1988)).  Although spanning a six-year time frame and lacking specificity concerning the exact dates of the conspiratorial conduct, the indictment charges the defendant with conspiring to possess and distribute methamphetamine in the District of

4

Nebraska.  The indictment reasonably alleges the charge of conspiracy with sufficient specificity to notify Popejoy of the charges against him and to allow him to plead the defense of double jeopardy as a bar to a future prosecution.  Id. (indictment sufficient where it alleged: "Beginning at unknown time, but not later than March, 1996, and continuing through October, 1996 at Rapid City, in the District of South Dakota, and elsewhere, the defendants . . . did combine, conspire, confederate, and agree with one another and with others known and unknown to the Grand Jury, to possess, with the intent to distribute, methamphetamine, a schedule II controlled substance, all in violation of 21 U.S.C. §§ 846 and 841(a)(1)").

The defendant claims the indictment is invalid because its language fails to guarantee that Popejoy has been indicted by a grand jury for the offense on which he is to be tried.  Filing 23 (defendant's brief) at 16-17.  He argues that filing a bill of particulars to correct this defective and vague indictment would permit the prosecution to chose the most advantageous conspiracy theory upon which to proceed, regardless of whether the evidence supporting that theory was presented to the grand jury.

Citing Russell v. United States, 369 U.S. 749 (1962), the defendant claims that the indictment lacks particularity, and defendant could be convicted "on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."  Id. at 770.  Russell does not, however, support defendant's position.  In Russell, the defendant was charged with refusing to answer congressional questioning in violation of 2 U.S.C. § 192.  Under the statute a witness could be punished for refusing to answer a question "pertinent" to the matter of congressional inquiry, but witnesses were not required to answer irrelevant questions.  Therefore, the court held that the "very

5

core of criminality under 2 U.S.C. § 192 is pertinency to the subject under inquiry of the questions which the defendant refused to answer.  What the subject actually was, therefore, is central to every prosecution under the statute.  Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." Id. at 764.  Russell held that since the grand jury indictment failed to state the subject under investigation by Congress, the chief issue for trial was not defined by the indictment and the defendant was not adequately apprised of the accusations against him.  Id. at 766.

Unlike Russell, and contrary to defendant's argument, the allegations of fact central to a prosecution for conspiracy to distribute illegal drugs are set forth in the indictment against Popejoy.  He argues, however, that the indictment is invalid because the court will be unable to instruct the jury at the time of trial in a manner preventing constructive amendment in violation of the Fifth Amendment.  A jury instruction which essentially alters the elements of the offense set forth in the indictment and allows the jury to convict a defendant of a crime other than the one charged in the indictment is a constructive amendment.  United States v. Slaughter, 128 F.3d 623, 628 (8th Cir. 1997); United States v. Johnson, 934 F.2d 936, 941 (8th Cir. 1991).

To evaluate whether Popejoy's Fifth Amendment rights may be violated by the vagueness of the indictment against him, it is necessary to recognize the distinction between a constructive amendment of the indictment and a variance.  "The basic difference between a constructive amendment and a variance is this: a constructive amendment changes the charge, while the

6

evidence remains the same; a variance changes the evidence, while the charge remains the same." Stuckey, 220 F.3d at 981 (citing United States v. Novak, 217 F.3d 566, 574-75 (8th Cir. 2000), and United States v. Emery, 186 F.3d 921, 927-28 (8th Cir. 1999)). The difference between a variance and a constructive amendment is significant.  A constructive amendment to the indictment constitutes reversible error per se because it "directly violates the Fifth Amendment right not to 'be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'" Stuckey, 220 F.3d at 981 (quoting U.S. Const. amend. V.).  However, a variance in the evidence affects the defendant's Sixth Amendment right to adequate notice; that is, the right "to be informed of the nature and cause of the accusation."  U.S. Const. amend. VI.  When a variance occurs, "the charging document does not change, only the evidence against which the defendant [is] expected to defend.  As a result, a variance does not require reversal per se, because a court must still examine whether or not the variance prejudiced the defendant's right to notice.  Absent prejudice, the variance is harmless error."  Stuckey, 220 F.3d at 981.

   Even assuming, as defendant argues, that the indictment against him lacks sufficient specificity and therefore permits the government to present evidence of illegal drug activity at trial that was never submitted to the grand jury, or allows it to prove multiple rather than a single conspiracy, the elements of the offenses charged in the indictment remain unchanged.  "A variance occurs when the charging terms are left unaltered but the evidence offered at trial proves facts different than those alleged in the indictment." United States v. Koen, 31 F.3d 722, 724 (8th Cir. 1994).  Where the defendant is charged with conspiracy to distribute and/or possess with intent to distribute illegal drugs, and evidence of illegal drug activity that was

7

never submitted to the grand jury is received at trial and provides a basis for conviction, a variance has occurred. Moreover, "[w]hen a single conspiracy is alleged in an indictment, but the proof at trial shows multiple conspiracies, there is a variance." United States v. Jones, 880 F.2d 55, 66 (8th Cir. 1989).

A variance is not a grounds dismissal of an indictment, and is a grounds for reversing a conviction only when it infringes a defendant's substantial rights. "Such an infringement occurs when (1) the defendant could not reasonably have anticipated from the indictment the evidence to be presented against him; (2) the indictment is so vague that there is a possibility of subsequent prosecution for the same offense; or (3) the defendant was prejudiced by a "spillover" of evidence from one conspiracy to another." Id.(no prejudicial spillover requiring reversal where even if there were two conspiracies instead of one as indicted, the evidence clearly showed the defendant participated in both). See also Koen, 31 F.3d at 724. (where defendant convicted based on evidence of illegal drug activity he offered at trial, and such evidence was never presented to grand jury, no constructive amendment of indictment occurred and defendant was not prejudiced by variance between proof offered at trial and the indictment).[2]

The indictment against the defendant includes the elements of the offenses charged, provides adequate notice of the issues

---

[2] The indictment charged: "Beginning at a time unknown to the Grand Jury and continuing through on or about February of 1989, in the Eastern District of Missouri and elsewhere, John Thomas Koen ... and other diverse persons both known and unknown to the Grand Jury, did unlawfully, knowingly and intelligently, combine, conspire, confederate, and agree together to commit [the offenses of distribution and/or possession with intent to distribute cocaine]." Koen, 31 F.3d at 723.

to be litigated, and enables the defendant to plead double jeopardy as a bar to further prosecution.  Offering evidence at trial that was never presented to the grand jury neither alters the drug conspiracy charges set forth in the indictment, nor presents an issue of constructive amendment of the indictment in violation of the Fifth Amendment.  There is no basis for concluding the indictment is facially invalid.  Dismissal of the case is not warranted.

As an alternative to dismissal, and in the event his motion to dismiss is denied, the defendant has asked for a court order requiring the government to provide the defendant with a bill of particulars.  Filing 23 (defendant's brief) at 17.  Under the analysis discussed herein, and for the purpose of providing the defendant with notice of the specific acts the government intends to prove in support of the indictment, this motion will be granted.  See <u>Cuervo</u>  354 F.3d at 984 ; <u>Dolan</u>, 120 F.3d at 866-67.

Finally, the defendant has moved for an extension of time to file pretrial motions.  Filing 21.  He specifically requests the pre-trial motion deadline to be extended to a date after the government serves a bill of particulars, thereby allowing the defendant to identify any appropriate motions responsive to the government's claims.  This motion will also be granted.


IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Chief United States District, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendant's motion to dismiss, filing 20, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS FURTHER HEREBY ORDERED:

1.  The defendant's request for a bill of particulars is granted.  On or before July 14, 2005, the government shall file a bill of particulars setting forth the specific acts--including dates, times, places, persons present, and actions taken by each--that the government will attempt to prove at trial.

2.  The defendant's motion for an extension of time to file pretrial motions, filing 21, is granted, and

    a.  The deadline for filing pretrial motions is continued to July 28, 2005.

    b.  The ends of justice will be served by granting such a motion, and outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between June 22, 2005 and July 28, 2005 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, for the reason that the parties require additional time to adequately prepare the case, taking into consideration due diligence of counsel, the novelty and complexity of the case, and the fact that the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

3.  Trial is set for 9:00 a.m. on September 12, 2005 for a duration of seven trial days before the Honorable Richard G. Kopf.  Jury selection will be at the commencement of trial.

DATED this 27th day of June, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

10