```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3011 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT POPEJOY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Robert Popejoy has filed a motion to suppress evidence obtained during the October 9, 1999 search of his home in Hiawatha, Kansas. Filing 42. The search was conducted pursuant to a warrant issued by a Kansas state court judge.

In support of this motion, the defendant submitted a brief and all documents related to the warrant application. As part of the defendant's submission, the court has received a copy of the decision rendered by the Kansas Court of Appeals, which suppressed the evidence at issue herein in a case brought by the State of Kansas against a co-resident of the searched home. The Kansas appellate case holds that probable cause for the warrant was lacking, and the good faith exception to suppression of the evidence as set forth in <u>United States v. Leon</u>, 468 U.S. 897 (1984), was inapplicable because the executing officers were not objectively reasonable in relying on the warrant as authorizing the search. <u>State of Kansas v. Frederick</u>, No. 85,510 (Kan. App. Feb. 16, 2001)(unpublished); filing 43, attachment 2.

Popejoy's brief does not discuss the <u>Leon</u> exception; the government has filed no response to the motion to suppress, thus possibly waiving the exception's applicability.

Having thoroughly read the defendant's motion to suppress and supporting evidence, I have concluded the <u>Leon</u> issue may be relevant and, if so, should be addressed. However, I am reluctant to do so absent requiring the government to brief the issue and affording the defendant an opportunity to respond.

On the court's own motion,

IT THEREFORE HEREBY IS ORDERED:

1. On or before November 10, 2005, the government shall file a brief addressing both the procedural and substantive application of <u>Leon</u> to defendant's filing 42 motion to suppress, including the extent to which, if any, this court should give deference to the decision of the Kansas Court of Appeals.

2. The defendant is given until November 28, 2005 to file his response.

DATED this 31st day of October, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

2