IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05 CR 3011 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT POPEJOY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

A detention hearing was held this date.  The court heard evidence by both parties and the arguments of counsel.  Upon consideration of the record before the court, I make the following findings, by clear and convincing evidence:

    Defendant has a substantial criminal history, including charges of violent and assaultive actions, violations of drivers license suspension orders, and violations of protection orders;

    Defendant has engaged in violent, threatening assaults of two persons he thought were witnesses or potential witnesses against him in this case;

    Defendant's sister approached a complaining witness more than once requesting she sign a statement to the effect that her complaint against the defendant was false;

    Defendant has had state charges pending against him dismissed or dismissed by plea bargain after complaining witnesses told law enforcement and/or other persons in authority that they would not testify in the trials of such charges;

    Although defendant did turn himself in on a pending warrant for failure to pay child support, there is no record before this court of disposition of that charge or whether he paid the back child support;

    Defendant was "promoted" by authorities in the Nebraska Department of Correctional Services to a community custody classification, making him eligible for work release, on January 12, 2005, and he did begin such work release custody,

> continuing on that classification until February 7, 2005, when this court's detainer in this case made him ineligible for such classification.

I make the following findings by a preponderance of the evidence:

> Defendant has a substantial history of failures to appear and a bond forfeiture;
>
> In one arrest a SWAT team was used to apprehend defendant when he was hiding in the duct work of a residence;
>
> Defendant's record includes a conviction for "escape from custody" in 1977, and charges of fleeing to avoid arrest in 1978 and 1997, and resisting arrest in 2001.

Based on those findings, I conclude:

> By clear and convincing evidence, that defendant's release poses a substantial risk to the safety of the community; and
>
> By a preponderance of the evidence, that defendant is a substantial risk of not appearing in this court as ordered.

IT THEREFORE HEREBY IS ORDERED:  The defendant shall be committed to the custody of the United States Marshal for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. He shall be afforded reasonable opportunity for private consultation with his counsel; and on order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

> DATED March 22, 2006

> > > > BY THE COURT:

> > > > s/ *David L. Piester*
> > > > United States Magistrate Judge